James F. PELOWSKI, et al., Plaintiff,

v.

UNITED STATES of America, Defendant.

No. C82–1793.

United States District Court, N.D. Ohio, E.D.

Jan. 30, 1985.

Joseph Picardini, Mentor, Ohio, for plaintiff.

Mathew Yackshaw, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

WHITE, District Judge.

This action arises under the Internal Revenue Laws of the United States, the Court having jurisdiction under 28 U.S.C. §§ 1340 and 1346(a). The matter was tried before the Court and the Court having heard the testimony of witnesses and having examined the exhibits and briefs submitted by counsel, makes this memorandum and order which constitutes the Court's findings of fact and conclusions of law.

The following facts were stipulated by the parties:

Plaintiffs filed a joint U.S. Individual Tax Return (Treasury Form 1040) for 1978. Plaintiffs paid the tax shown due on the return.

On their 1978 return, plaintiffs claimed, in pertinent part, deductions of $2,006 as employee business expenses and $270. as unreimbursed entertainment expenses. Plaintiffs failed to report on their 1978 return a grant received from Lake Erie College by James F. Pelowski in the amount of $10,000. Plaintiffs reported a $4,000 distribution received by Barbara Pelowski from the Testamentary Trust of Seabury S. Gould IV.

Plaintiffs' 1978 return was examined by the Internal Revenue Service. As a result, a deficiency assessment of tax was made against the plaintiffs in the amount of $4,816 on September 7, 1981.

By two payments received October 5, 1981, and February 22, 1982, plaintiffs paid the deficiency assessment of tax.

On October 6, 1981, plaintiffs filed an Amended U.S. Individual Income Tax Return (Treasury Form 1040X) (claim for refund #1) with the Internal Revenue Service claiming a refund of the tax paid in

response to the deficiency assessment, as well as the tax attributable to the inclusion in gross income of $4,000 received by Barbara G. Pelowski in 1978 from the Testamentary Trust of Seabury S. Gould, IV.

By letter dated January 13, 1982, plaintiffs' claim for refund # 1 was denied.

On January 13, 1983, plaintiffs filed an Amended U.S. Individual Income Tax Return (Treasury Form 1040X (Claim for refund # 2) with the Internal Revenue Service claiming a refund of the tax paid in response to the deficiency assessment, as well as the tax attributable to the inclusion in gross income of $4,000 received by Barbara Pelowski in 1978 from the Testamentary Trust of Seabury S. Gould, IV.

The Internal Revenue Service has failed to act upon plaintiffs' claim for refund # 2.

During 1978 Michigan State University was an "educational organization" as described in 26 U.S.C. § 170(b)(1)(A)(ii) and an "educational institution" as defined by 26 C.F.R. § 1.117–3(b).

During 1978, James F. Pelowski was a "candidate for a degree" as defined by 26 C.F.R. § 1.117–3(c).

### $10,000 GRANT

In 1978 James Pelowski received a $10,000 grant from Lake Erie College. These payments were awarded after seven years of employment. Mr. Pelowski attended Michigan State University (MSU) with this grant. During the period of time he was a student at MSU he took a leave of absence from Lake Erie College. He had no obligation to return to Lake Erie College after he completed his Ph.D. work. During the time he was at MSU he was not employed at Lake Erie College. The Lake Erie College did not select the curriculum for his Ph.D. thesis. While at MSU he received no benefits from Lake Erie College. No reports on his progress were given to his former employer.

26 U.S.C. § 117 provides that gross income does not include any amount received as a fellowship grant. However there are certain exceptions. Pertinent to this case is 26 C.F.R. § 1.117–4(c) which states:

"The following payments or allowances shall not be considered to be amounts received as a scholarship or a fellowship grant for the purpose of § 117:

(1) Except as provided in paragraph (a) of § 1.117–2, any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services or represents payment for services which are subject to the direction or supervision of the grantor.

(2) Any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research primarily for the benefit of the grantor."

■ Upon examination of the facts set forth above, the Court concludes that the $10,000 does not represent compensation for past, present or future employment services.

In addition, the second exception does not apply to the facts of this case. The evidence does not show that plaintiff's studies were primarily for the benefit of Lake Erie College.

### EMPLOYEE BUSINESS EXPENSE

The second issue is whether plaintiffs are entitled to claim as a business expense $2,006. This sum consists of rent payments of $1,875 and utility bills of $131 incurred while Mr. Pelowski was attending MSU.

An important consideration in determining whether to allow this deduction is whether it be classified as a business expense or educational expense. Plaintiffs' tax return shows they listed these deductions as a business expense on form 2106, Employee Business Expenses. (Joint Exhibit 1). Plaintiffs explain in their reply to defendant's Post Trial Brief that the deduction was listed under business expenses because there is no room on form 2106 under Part III for listing of educational expenses.

The law in the 6th Circuit is that grounds on which a claim for a tax refund is made must be specifically set forth in the claim for refund or the Court is without jurisdiction to consider the claim in a tax refund suit. However, Internal Revenue was on notice that plaintiffs deductions for rent and utilities were in connection with education. Under the section for occupation in which expenses were incurred on form 2106 plaintiff answered scholarship grant. His employer was Lake Erie College. There is no place on the form to list educational expenses nor are there directions on what to do if you have educational deductions.

26 C.F.R. 1.162–5(e) provides:

"Travel away from home. (1) If an individual travels away from home primarily to obtain education the expenses of which are deductible under this section, his expenditures for travel, meals, and lodging while away from home are deductible. However, if as an incident of such trip the individual engages in some personal activity such as sightseeing, social visiting, or entertaining, or other recreation, the portion of the expenses attributable to such personal activity constitutes nondeductible personal or living expenses and is not allowable as a deduction. If the individual's travel away from home is primarily personal, the individual's expenditures for travel, meals and lodging (other than meals and lodging during the time spent in participating in deductible education pursuits) are not deductible. Whether a particular trip is primarily personal or primarily to obtain education the expenses of which are deductible under this section depends upon all the facts and circumstances of each case. An important factor to be taken into consideration in making the determination is the relative amount of time devoted to personal activity as compared with the time devoted to educational pursuits. The rules set forth in this paragraph are subject to the provisions of section 162(a)(2), relating to deductibility of certain traveling expenses, and section 274(c) and (d), relating to allocation of certain foreign travel expenses and substantiation required, respectively. and the regulations thereunder."

The evidence in this case demonstrates that the Pelowski stay in East Lansing, Michigan was primarily for educational purposes. There is nothing in the record showing that more time was devoted to personal activities as compared with educational pursuits. Therefore the $2,006 for rent and utilities is deductible as an educational expenses.

## ENTERTAINMENT EXPENSES

The plaintiffs claim a deduction of $270 for expenses incurred while hosting a going away party at their home. The party was given just before Mr. Pelowski was to leave Lake Erie College to pursue his doctorate studies. He testified at the trial that the persons invited were contributors to the College and the party was to show appreciation and hopefully to convince those invited to continue contributing.

Plaintiffs contend that the $270 was a business expense under 26 U.S.C. §§ 62 and 162. According to § 62(2) travel and business expenses consist of (1) expenses paid or incurred by the taxpayer in connection with the performance of his services as an employee under reimbursement or other expense allowance arranged with his employer; (2) expenses for travel away from home; (3) transportation expenses; and (4) outside salesman expenses.

26 U.S.C. § 274 pertains to entertainment expenses. Section 274(a) disallows an entertainment deduction unless the Taxpayer establishes that the item was directly related to or that such item was associated with the active conduct of the Taxpayers trade or business. The Taxpayer must substantiate by adequate records or by sufficient evidence corroborating his own statement the amount of such expense, time and place of the entertainment, the business purpose, and the business relationship to the Taxpayer of the persons entertained.

██ The plaintiffs have failed to show that the expenses relate to the categories in § 62(2). There was no evidence of a reimbursement arrangement regarding the entertainment expenses with Lake Erie College. Also plaintiffs did not clearly establish that the expenses was incurred in connection with their services as employees of Lake Erie College. The fact that the persons invited to the party were contributors to the College did not prove this requirement. It was not shown that the party was an ordinary and necessary expense in carrying on a trade or business.

██ Plaintiff also did not satisfy the requirements of section 274(a) and (d). There was no substantiation by adequate records or sufficient evidence corroborating plaintiffs statement of the amount of the expense, time, and place of the entertainment, the business purpose or the business relationships of the guests to the plaintiffs.

## INCOME FROM TESTAMENTARY TRUST

The issue of whether plaintiffs are entitled to exclude from gross income $4,000 received by Barbara Pelowski from the Testamentary Trust of Seabury S. Gould, IV arose shortly before trial. There was no testimony at trial on this issue. The parties stipulated plaintiffs are claiming a refund of tax attributable to the inclusion in gross income of $4,000 received by Barbara Pelowski in 1978 from the Testamentary Trust of Seabury S. Gould, IV.

26 U.S.C. § 102 provides that income from a gift, bequest, devise or inheritance is not excludable from gross income. Any amount included in gross income of a beneficiary under Subchapter J, Estates, Trusts, and Beneficiaries, shall be treated as a gift, bequest, devise, or inheritance of income from property. Whether a section 102 exclusion applies requires reference to Subchapter J. 26 U.S.C. § 662(a) requires inclusion in gross income of a beneficiary to whom an amount specified in § 661(a) is paid by an estate described in § 661. Section 661 allows a deduction for a trust any amounts required to be distributed or properly paid which does not exceed the distributable net income of the trust. Distributable net income is defined in § 643(a) and includes capitol gains where there is a distribution of any amount required to be paid, credited or distributed during the taxable year. Review of Exhibit 5 and considering the definition of distributable net income show that distributable net income exceeded the $158,608.25 paid to the beneficiary by the $4,000.

██ Section 663(a) provides exclusions for amounts falling under §§ 661(a) and 662(a). The only possible applicable subsection is 663(a)(1). However, it is not applicable as an exclusion because the Testamentary Trust does not authorize payment or credit of a specific sum of money or property at one time or in not more than three installments. The Trust contains no limitation as to the amount of money or the number of installments which might be given to Mrs. Pelowski.

Plaintiffs have submitted after trial a statement from the Assistant Vice President of the First Pennsylvania Bank, Trustee of the Seabury S. Gould Trust, stating that it deems the trust to be a simple trust with income distributions to the surviving spouse. The bank taxes the surviving spouse on the distributable net income. Based on this statement plaintiffs argue that the $4,000 should be excluded.

The statement from the bank cannot be considered. It was not introduced during trial and was not marked as an exhibit. The scant evidence before the Court necessitates that the $4,000 be included as gross income.

Accordingly, judgment is for plaintiff on the issues of the $10,000 grant and the $2,006 employee business expense. Judgment for defendant on the issues of the $270 entertainment expense and the $4,000 income from the Testamentary Trust.

IT IS SO ORDERED.